IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James H. Treesh,                      :

        Plaintiff,         :   Case No.  2:10-cv-516

  v.                                  :   JUDGE SMITH

Terry Deck, et al.,                   :

        Defendants.        :

ORDER AND REPORT
AND RECOMMENDATION

    This prisoner civil rights case is before the Court to consider plaintiff's application to proceed *in forma pauperis*, and also to consider the sufficiency of his complaint.  For the following reasons, the Court will assess the initial partial filing fee required by law, will consolidate this case with the case of Treesh v. Cardaris, Case No. 2:10-cv-437, and will recommend that the claims asserted in this case be dismissed for the same reasons that the Court has recommended dismissal of the claims in that case.

        I.  The *In Forma Pauperis* Application

    In response to the Court's order for more information concerning plaintiff's request to proceed *in forma pauperis,* plaintiff's affidavit and the attached information show that he currently possesses the sum of $6.16 in his prison account which is insufficient to pay the full filing fee.  His application indicates that his average monthly balance for a six-month period prior to filing his application to proceed *in forma pauperis* was $2.27.  His application further indicates that his average monthly deposits for a six-month period prior to filing his application to proceed in forma pauperis were $15.50.  In accordance with 28 U.S.C. §1915(b)(1), §804(a)(3) of the Prison

Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321, plaintiff must pay an initial partial filing fee of 20 percent of the greater of these amounts.  The greater amount is $15.50; therefore, plaintiff's initial partial filing fee is $3.10 ($15.50 x .20 = $3.10).  That sum should be deducted from plaintiff's prisoner account, when funds are available, until the initial partial filing fee is paid.  Once the initial partial filing fee is paid, the prison cashier's office shall deduct and forward to the Court 20% of the preceding month's income credited to the prisoner's account if, during that month, the balance of that account exceeded $10, until the full fee has been paid.  28 U.S.C. §1915(b)(2).  If plaintiff is transferred to another prison, the cashier should forward this Order to that institution's cashier so that the cashier can collect and remit the monthly partial payment.

    Checks are to be made payable to:

        Clerk, U.S. District Court

    Checks are to be sent to:

        Prisoner Accounts Receivable
        121 U.S. Courthouse
        85 Marconi Blvd.
        Columbus, OH  43215

The prisoner's name and case number must be noted on each remittance.

    A prisoner may not be prohibited from bringing a civil action because he has no assets and no means to pay the initial filing fee.  28 U.S.C. §1915(b)(4), Id., §804(a)(3).  If plaintiff does not currently possess the funds to pay the initial filing fee, the amount assessed by this Court will be collected from plaintiff's prison account when such funds become available.

    WHEREUPON, it is ORDERED that plaintiff be allowed to prosecute his action without prepayment of fees or costs and that

judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is DIRECTED to mail a courtesy copy of the complaint and a copy of this order to the Attorney General of the State of Ohio, Criminal Justice Section, 30 East Broad Street, 17th Floor, Columbus, Ohio, 43215.

The Clerk of Court is DIRECTED to mail a copy of this Order to the plaintiff and the prison cashier's office.  The Clerk is FURTHER DIRECTED to forward a copy of this Order to the Court's financial office in Columbus.

## II.  The Initial Screening

The Court has conducted an initial screening of the complaint under 28 U.S.C. §1915A and 42 U.S.C. §1997e.  Those statutes require a prisoner complaint to be dismissed if, among other things, it fails to state a claim upon which relief can be granted.

This complaint alleges an invasion of plaintiff's right to medical privacy and involves an alleged unauthorized viewing and disclosure of his medical information by defendant Dino Cardaris on April 28, 2010.  Exactly the same act underlies the complaint filed in Case No. 2:10-cv-437.  In that case, the Court has recommended dismissal for failure to state a claim because there is no constitutional right to privacy which is recognized under these circumstances.  <u>Treesh v. Cardaris</u>, Case No. 2:10-cv-437, Report and Recommendation of July 30, 2010 (Doc. #10).  Although this case differs in that it alleges more people were involved in the disclosure, that does not change the fact that there is no constitutional claim upon which the Court could grant relief. Consequently, this case is consolidated for all purposes with Case No. 10-cv-437, and the Clerk is directed to file a copy of this order in that case.  Further, for the same reasons set forth in the Report and Recommendation which has been filed in that

case, it is recommended that the claims in this complaint also be dismissed pursuant to 28 U.S.C. §§1915(e)(2) and 1915A.

### III. Procedure on Objections

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp  
United States Magistrate Judge